IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES KEITH TROBAUGH | § |
| | § |
| v. | § CIVIL ACTION NO. 4:16cv769-KPJ |
| | § |
| COMMISSIONER, SOCIAL SECURITY | § |
| ADMINISTRATION. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Keith Trobaugh ("Plaintiff") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). Pursuant to the parties' consent to proceed before the magistrate judge (Dkt. 9), this case was transferred to the undersigned for all further proceedings and entry of judgment. *See* Dkt. 10. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds the Commissioner's decision should be **REVERSED** and **REMANDED** for additional administrative proceedings consistent with this Opinion.

### I. BACKGROUND

On May 14, 2013, Plaintiff filed an application for DIB under Title II of the Act, alleging a disability onset date of April 26, 2011. Transcript ("Tr.") at 13, 124-25. An Administrative Law Judge ("ALJ") held a hearing regarding Plaintiff's application on January 6, 2015. The hearing was attended by Plaintiff, his attorney, and a vocational expert. Tr. at 35-57. Plaintiff was forty-six (46) years old on his alleged disability onset date and forty-nine (49) years old on the date the ALJ's decision was rendered. Tr. at 10, 124. Plaintiff completed high school, was

trained in project management, and had past relevant work experience as a technical support representative and tech support specialist. Tr. at 50, 136.

On March 12, 2015, the ALJ issued a decision (the "ALJ Decision") denying Plaintiff's application for DIB. Tr. at 10-33. After considering the entire record, the ALJ found that Plaintiff had the following severe impairments: "history of lumbar and cervical fusion, degenerative disc disease ("DDD"), rotator cuff repair, obesity." Tr. at 15-18. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the regulations for presumptive disability. Tr. at 18-20. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1. The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for a limited range of light work and found that Plaintiff was able to perform his past relevant work as technical support representative and tech support specialist. *Id.* at 28-29. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 29.

The Appeals Council denied Plaintiff's request for review. Tr. at 1-4. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 42 U.S.C. § 405(g). Plaintiff then filed the instant action for review by this Court.

## II. LEGAL STANDARD

Title II provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42, U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir.

1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (*per curiam*). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 Fed. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However,

the Court must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.; see Bowling*, 36 F.3d at 435 (citing *Harrell*, 862 F.2d at 475). Under the five-step sequential analysis, the Commissioner must determine at step one whether the claimant is currently engaged in substantial gainful activity. At step two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At step three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in

Appendix I. Prior to moving to step four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at step four, the Commissioner must determine whether the claimant's impairments are severe enough to prevent him from performing his past relevant work. Finally, at step five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)-(f) and 404.1520(b)(1)(f). An affirmative answer at step one or a negative answer at steps two, four, or five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at step three, or an affirmative answer at steps four and five, creates a presumption of disability. *Id*.

The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989) (*per curiam*).

### III. ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ Decision made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017;

2. The claimant has not engaged in substantial gainful activity since the alleged onset disability date of March 31, 2013 (20 C.F.R. § 404.1571 *et seq*.;

3. The claimant has the following severe impairments: history of lumbar and cervical fusion, degenerative disc disease ("DDD"), rotator cuff repaid, [and] obesity. The claimant's chronic pain and post laminectomy syndrome do not fulfill the definition of a medical determinable impairment;

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526);

5. The claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally, and 10 pounds frequently. The claimant can sit, stand and/or walk for 6 hours each in an 8-hour workday. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The DDS[1] consultant assigned no restrictions in manipulation.

6. The claimant is capable of performing past relevant work as a technical support representative and as a tech support specialist. This work does not require the performance of work-related activities precluded by the claimant' assigned residual functional capacity (20 C.F.R. §§ 404.1565);

Tr. at 16-28.

The ALJ determined that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. *Id*. at 319.

## IV. ANALYSIS

Plaintiff first argues the ALJ Decision is not supported by substantial evidence because the ALJ failed to "fully and fairly develop the facts relating to the claim in accordance with Agency policy and Fifth Circuit precedent." Dkt. 15 at 4. While the Commissioner concedes that "the ALJ seemed to want to request additional examinations," it conclusorily argues that the "ALJ had sufficient evidence to make the disability determination without the additional examinations the ALJ would have liked to obtain." *See* Dkt. 16 at 5 (citing Tr. at 16-28).). The Court disagrees. Despite the Commissioner's attempts to discount the ALJ's own statements regarding deficiencies in the evidence, the Court is not persuaded that the ALJ's evaluation of Plaintiff's subjective complaints of chronic pain is supported by substantial evidence. In fact, the ALJ repeatedly identified deficiencies in the record and described the need for additional medical opinion evidence, stating that such evidence would be outcome-determinative. In light

---

[1] Although not defined, the Court has determined that the acronym "DDS" as used in the ALJ Decision refers to a "disability determination specialist," a state agency consultant who may be called upon to render an opinion regarding a claimant's disability.

of the ALJ's own findings of deficiencies in the record, the Court finds that the ALJ had an obligation to remedy such deficiencies—or to provide legally sufficient rationale as to why the deficiencies could not have been remedied— prior to denying benefits.

Pain constitutes a disabling condition under the Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983)). There must be clinical or laboratory diagnostic techniques that show the existence of a medical impairment which could reasonably be expected to produce the pain alleged. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citation omitted); 20 C.F.R. 404.1529 and 416.929. The relevant question in assessing pain is how much the claimant suffers when the claimant attempts work related activity. *Lovelace v. Bowen*, 813 F.2d 55, 59-60 (5th Cir. 1987) (citations omitted).

The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citations omitted). Subjective evidence need not be credited over conflicting medical evidence. *Jones v. Heckler*, 702 F.2d 616, 621, n.4 (5th Cir. 1983). The ALJ's unfavorable credibility determination of a claimant's pain will not be upheld where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain. *Anderson v. Sullivan*, 887 F.2d 630 (5th Cir. 1989) (citations omitted).

Here, the record does not reflect sufficient effort by the ALJ to determine the disabling nature of Plaintiff's pain. The prevailing issue here is that Plaintiff's subjective complaints of chronic pain were not regarded as a "medically determinable impairment" because his

7

subjective complaints were not adequately supported by objective medical findings. *See* Tr. at 16. However, as the ALJ admits, "the producing cause of [Plaintiff's] symptoms is not entirely clear, despite the efforts of the doctors to give a more precise description." Tr. at 16. At step two of the sequential process, the ALJ explained that the Agency's Program Operations Manual System ("POMS") "provides that in cases where the claimant's pain is not reasonably consistent with the underlying documented impairment," and such an assessment is necessary to make a determination, the ALJ is permitted to request an examination by a pain specialist or a pain center. Tr. at 16 (citing POMS DI 22510.011). This apparently was not done only because the ALJ was "informed that such an examination is not available in this locale." Tr. at 16.

The record indicates that Plaintiff resides in Plano, Texas, and has received medical care at Baylor Medical Center in Garland, Texas, BH Rehabilitation in Richardson, Texas, and Neurospine Surgical Consultants in Plano, Texas. Furthermore, Plaintiff's administrative hearing was held in Dallas, Texas. Without further explanation, the ALJ's conclusion that evaluation by a pain specialist or pain center was not available in the Dallas/North Texas area is not convincing. In light of the Social Security Administration's recognition "that the etiology of chronic pain is not always clear" (Tr. at 16), and its direction in POMS DI 22510.011, regarding the potential usefulness of additional examination by a pain specialist or pain center to develop the record in a disability determination based on chronic pain (*see id.*), the ALJ had a duty to do more than was done in this case to develop the record, and his conclusion that he had sufficient evidence to make the disability determination is not supported by the record. *See* Tr. at 28.

There are other examples where the ALJ's statements undermine his own conclusions by acknowledging the need and/or potential usefulness of additional consultative examinations by a treating source or physical therapist, or of requesting work evaluations:

> Although I greatly appreciate the lay medical theories and arguments presented at the hearing, I lack the medical expertise to fill the gaps in a physician's opinion or to ignore the requirements of SSR 96-2p. POMS DI 22520.010(D)(2) provides that a Treating Source may be re-contacted to perform a consultative examination to clarify any missing findings and it would be entirely appropriate to ask that this be done in this case. 20 C.F.R. § 404.1512(e). However, I have been informed in other cases that such a request cannot be effectuated.

Tr. at 25. The ALJ then states that a consultative examination by a physical therapist would likely clarify Plaintiff's limitations, but again determined not to request one based on prior information he had received:

> A consultative examination by a physical therapist under the provisions of POMS DI 22510.007(D)(4) would likely clarify the full extent of the claimant's physical restrictions, but I have been informed that this type of CE is not currently available and thus it would be futile to request one.

Tr. at 26. Finally, the ALJ stated that he had requested work evaluations in the past to develop a record, but again declined to request such evaluations based on information he had received that this type of evaluation is not currently available. *See* Tr. at 28.

The ALJ's position that because he had not been able to obtain various evaluations in other cases or had previously been informed that examinations were not available did not relieve him of his obligation to develop the record in Plaintiff's particular case. The ALJ provides no further detail, explanation, or comparative analysis regarding how these *other* cases and circumstances support his disability determination despite the lack of necessary and potentially useful additional information. "Such a bare conclusion is beyond meaningful judicial review." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009

(10th Cir.1996)). "Although the ALJ is not always required to do an exhaustive point-by-point discussion," in this case, the ALJ offered nothing to support his failure to obtain additional evidence that he himself deemed necessary to resolve conflicts in the record as to the severity of Plaintiff's subjective complaints of chronic pain. *Audler*, 501 F.3d at 448. As such, "a reviewing court simply cannot tell whether her decision is based on substantial evidence or not." *Id*. (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)).

The Commissioner responds: "[T]he ALJ had sufficient evidence to make the disability determination without the additional examinations the ALJ would have liked to obtain." *See* Dkt. 16 at 4 (citing *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (providing that consultative examinations are not required when the record provides the information needed to make the disability determination)). Unlike *Turner*, however the record as developed in this case left many unanswered questions, and thus, failed to provide substantial evidence to support the disability determination. *Id*.

This case appears to meet the statutory criteria for when a consultative examination should be ordered. The ALJ cited authority providing that evaluations can be obtained through pain centers for purposes of evaluating chronic pain. *See* Tr. at 16; POMS DI 22510.011. Furthermore, the ALJ stated that he believed such an evaluation would be appropriate in this case, but failed to order such an examination. *Id*. The pain center evaluation meets the criteria of both additional evidence that was needed but not contained in the records from treating sources, and specialized medical evidence that was needed but not available from treating or other medical sources. *See* 20 C.F.R. § 404.1519a. Based on the foregoing, the Court concludes there is insufficient evidence in the record to support the ALJ's disability determination. *See Pena*, 271, Fed App'x at 383.

"The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "If the ALJ does not satisfy [this] duty, [the] decision is not substantially justified." *Id*. Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that he was prejudiced." *Id*. The court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *See Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex.1997); *see also Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984). The ALJ has the duty to fully and fairly develop the facts relative to a claim for disability benefits. However, the burden is on Plaintiff to establish that such failure prejudiced his claim. *See Kane*, 731 F.2d at 1219. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 (citing *Kane*, 731 F.2d at 1219).

In this case, the Court finds that Plaintiff was prejudiced due to the ALJ's failure to fully develop the record. In his assessment of Plaintiff's complaints of "unremitting pain in his back, hands, and feet," the ALJ concluded that if Dr. Betty Santiago ("Dr. Santiago"), the state agency consultant, had concluded that Plaintiff's impairment "could reasonably be expected to produce the pain described by the claimant, then logically the application would have been approved without further ado." Tr. at 19 (internal quotation marks omitted). While it cannot be known with certainty what additional consultative evidence would have established, there is evidence in the record to suggest that—based on medical evidence that Plaintiff has both peripheral neuropathy and carpal tunnel syndrome, resulting in pain and numbness in his hands—Plaintiff may have suffered greater limitations than those accounted for in the RFC. *See, e.g.*, Tr. at 295, 297-98.

11

Plaintiff testified that pain and numbness in his hands interfered with his ability to type, which negatively impacted his ability to perform in his previous occupation—the same occupation that the ALJ found Plaintiff could perform. *See* Tr. at 135. The ALJ denied benefits on the basis that Plaintiff could perform past relevant work as a technical support representative (DOT 032.262-010) and as a technical support specialist (DOT 033.162-018) (*see* Tr. at 29), both of which require frequent fingering, and which arguably could be precluded based on Plaintiff's combined impairments of carpal tunnel syndrome, peripheral neuropathy, and cervical radiculopathy. The ALJ relied on Dr. Santiago's opinion that the disabling symptoms alleged by Plaintiff could not be explained by any of his impairments; however, Dr. Santiago did not explicitly acknowledge Plaintiff's carpal tunnel syndrome diagnosis. *See* Tr. at 18; 70-73. Based on this record, it is not clear that Dr. Santiago even considered whether Plaintiff's carpal tunnel syndrome combined with his peripheral neuropathy and his cervical radiculopathy could explain the constant pain and numbness in his hands.

To be legally sufficient, an ALJ's RFC must account for all of a claimant's limitations resulting from his impairments. The Fifth Circuit has consistently held that an RFC which fails to describe all of the practical effects of all of the claimant's impairments and limitations on his ability to function in the workplace is contrary to law; moreover, vocational testimony based upon the inaccurate RFC is not substantial evidence supporting an ALJ's denial of benefits, requiring that the case be remanded. *Fraga*, 810 F. 2d at 1304. Because the record here indicates that additional medical evidence could have resulted in a different disability determination, Plaintiff has established he was prejudiced by the ALJ's failure to fully develop the record.

Because this case is being remanded for additional proceedings at step three, the Court need not reach Plaintiff's additional arguments.

## V.  CONCLUSION

Based on the foregoing, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent with the Opinion herein.

**IT IS SO ORDERED**.

**SIGNED this 16th day of March, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE